UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              DECISION AND ORDER
v.                            10-CR-188A

JAVIER MEJIAS,

                Defendant.

---

## **BACKGROUND**

Pursuant to a multi-defendant, multi-count indictment, defendant Javier Mejias, is charged with: conspiracy to possess with the intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing cocaine and an unspecified quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(A) and (b)(1)(D), all in violation 21 U.S.C. § 846 (Count 4); and possession with the intent to distribute and distributing 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(B) (Count 5).

On September 24, 2010, defendant Mejias appeared before this Court and indicated his intent to enter a plea of guilty as to Counts 4 and 5 set forth above. However, as to Count 4, the conspiracy count, the defendant indicated that he was only willing to allocute to conspiring to possess 500 grams of cocaine, not the 5 kilograms or more charged in that Count of the Indictment. The government, who had not reached a

1

plea agreement with Mejias, objected and asserted that Mejias must allocate to the quantity specified in the indictment or proceed to trial. The plea was adjourned so that the parties could brief the issue of whether Mejias may plea to a lesser, or unspecified, quantity of cocaine than that set forth in the indictment.

On October 15, 2010, Mejias filed a motion requesting that this Court permit him to plea to conspiring to distribute an unspecified quantity or lesser quantity of cocaine than is charged in Count 4 of the indictment. The government filed a response in opposition on November 9, 2010. Oral argument was deemed unnecessary. For the reasons stated below, this Court holds that, absent a plea agreement with the government, Mejias may not plead guilty to conspiring to distribute an unquantified or lesser quantity of cocaine than that charged in the indictment.

## DISCUSSION

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In the aftermath of *Apprendi*, the Second Circuit held in *United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001), that where the quantity of drugs is specified in the indictment and has the potential to raise the defendant's sentence above the otherwise applicable statutory maximum, quantity is an element of the offense charged. The Court stated in Thomas that "the principle of *Apprendi* requires quantity to be charged in the indictment and found by a jury only in cases where the quantity results in punishment above the statutory maximum." *Id.* at 660, n.3. Thus, *Thomas* unequivocally held that "quantity is

2

an element of the offense charged under 21 U.S.C. § 841." *Id.* at 663.

The Circuit again reiterated that point in *United States v. Outen*, 286 F.3d 622, 635 (2d Cir. 2002), holding that under Thomas, "drug quantity becomes an 'element of the offense' under § 841 only where 'the type and quantity of drugs involved ... may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs.' *Id.* at 635 (quoting *Thomas*, 274 F.3d at 660 & n. 3). If the indictment does not specify a quantity of drugs, quantity is no longer an element and the "default provision" of 21 U.S.C. § 841(b)(1)(C) governs to cap a defendant's maximum sentence at 20 years.

There can be no doubt that the quantity charged in Counts 4 is an element of that offense.[1] The grand jury's indictment that Mejias and others conspired to possess and distribute 5 kilograms or more of cocaine renders every defendant charged in that count subject to the enhanced sentencing penalties set forth 21 U.S.C. § 841(b)(1)(B), namely, a mandatory minimum sentence of 10 years and a maximum sentence of life. If on the other hand the grand jury had charged the defendants with conspiring to distribute an unspecified quantity of cocaine, they would face no mandatory minimum and a statutory maximum of 20 years. The grand jury's inclusion of a specified quantity renders that quantity an element of the offense charged in Count 4.

Against this background, the government contends that this Court is without authority to accept Mejias' plea of guilty unless Mejias agrees to allocute to the quantity

---

[1] The quantity charged in Count 5 is also an element of the offense, but Mejias does not take issue with the quantity charged in that Count. That is, he has expressed a willingness to allocute to the quantity specified in Count 5, but not the quantity specified in Count 4.

of drugs specified in the indictment. Mejias, on the other hand, asserts that this Court can accept his plea of guilty for conspiring to distribute an unspecified amount of cocaine, and later determine the quantity of drugs relevant to Mejias at a sentencing hearing.

Mejias' position runs counter to existing Second Circuit precedent. In *United States v. Yu*, 285 F.3d 192 (2d Cir. 2002), the defendant in that case, like Mejias, was charged with conspiring to possess and distribute a specified quantity of drugs, and that defendant was also charged with actual possession of a quantity of drugs with the intent to distribute them. Specifically, defendant Yu had been charged with conspiring to distribute one kilogram or more of heroin between 1995 and 1996 (count 1), conspiring to distribute 100 grams or more of heroin in 1997 (count 2) and attempting to possess 100 more kilograms of heroin (count 3). Yu entered a plea of guilty but refused to stipulate to the quantity of drugs charged. *Id*. At 195. Instead, he admitted only to conspiring to distribute heroin, leaving the issue of quantity to be determined by the district judge at sentencing. During the plea, the district court cautioned Yu that he could face enhanced sentencing penalties if the court were to determine the quantity was as alleged in the indictment. Ultimately, that is what occurred and the district court sentenced Yu based upon the enhanced penalties in § 841(b)(1). On appeal, the Second Circuit vacated Yu's convictions. The Circuit held that, in light of *Apprendi*, *Thomas* and other circuit authority, "it was error for the district court to permit Yu to plead guilty to quantity-specific charges while refusing to allocute to quantity." *Id.* at 197 (remanding the matter for further proceedings); *see also United States v. Yu*, 150 Fed. Appx. 82 (2d Cir. 2005)(vacating Yu's conviction after the district court failed to do

4

so upon remand).

In another case, the Circuit reached the same result. In *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005), the Circuit again vacated a defendant's conviction where the indictment had charged the defendant with conspiring to a specified quantity of drugs that would subject him to the enhanced penalties of § 841(b)(1), but the defendant failed to allocute to the quantity charged in the indictment. The Court reiterated that "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support a conviction or sentence on an aggravated offense under § § 841(b)(1)(A) or (b)(1)(B). If a defendant is convicted only on a lesser unquantified drug charge, he must be sentenced pursuant to § 841(b)(1)(C), which generally provides no mandatory minimums." Because the defendant in that case had failed to allocute to the quantity specified in the indictment, the Circuit vacated his conviction and found that his guilty plea was not knowing, voluntary or sufficient to support the judgment of conviction. The Circuit also noted that "because the government was unwilling to accept [the] defendant's plea to an unquantified drug offense in satisfaction of the [charge in the indictment], the defendant should have been allowed to withdraw his guilty plea." *Id.* at 134.

If this Court were to do what Mejias proposes and permit him to allocute to an unspecified quantity notwithstanding the quantity charged in the indictment and the government's refusal to accept a plea to an unspecified quantity, the holdings of *Yu* and *Gonzalez* make clear that such a plea would not constitute a knowing and voluntary plea to Count 4 of the indictment because an essential element of that Count - the drug quantity charged - would be absent. And if this Court were to hypothetically let the

5

defendant do so only to later determine that he did in fact conspire to distribute 5 kilograms or more of cocaine, *Yu* and *Gonzalez* would compel this Court to permit the defendant to withdraw his plea. What the defendant proposes by agreeing to plead to an unspecified quantity of cocaine is tantamount to asking this Court to permit him to plead guilty to the lesser-included offense set forth in § 841(b)(1)(C), which would render the defendant subject only to a statutory maximum of twenty years and no mandatory minimum. Without the government's consent, this Court lacks authority to permit a defendant to plead guilty to a lesser-included offense than what is charged in the indictment. Therefore, the defendant's motion must be denied. The cases cited by the defendant in his motion are inapposite as they predate the clear dictates of *Yu*, *Gonzalez*, *Apprendi* and *Thomas.*

## CONCLUSION

For the reasons stated, defendant's motion to enter a plea to an unspecified quantity of cocaine is denied. The parties shall appear in Court on Monday, December 6, 2010, at 9:00 a.m. for a status conference.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 1, 2010